# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2283

_____

United States of America,                    *
                                              *
    Plaintiff - Appellee,            *
                                              * Appeal from the United States
v.                                            * District Court for the
                                              * District of North Dakota.
Raymond F. Zent,                              *
                                              *
    Defendant - Appellant.           *    [UNPUBLISHED]
                                              *
                                              *

_____

Submitted: March 8, 1999
Filed:    June 10, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM.

    Raymond Zent appeals from a final order entered in the United States District Court[2] for the District of North Dakota granting summary judgment to the United States in an action to enforce a promissory note executed by appellant and delivered

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[2]The Honorable Patrick A. Conmy, District Judge, United States District Court for the District of North Dakota.

to the Small Business Administration ("SBA"). Appellant executed and delivered the promissory note to the SBA in November, 1981, wherein he promised to pay the agency $119,000 plus interest for outstanding loan obligations. Appellant contested the government's motion for summary judgment and filed his own cross-motion for summary judgment, contending that in September, 1994, he and a non-supervisory loan specialist from the SBA entered a compromise agreement that discharged appellant's obligations under the 1981 promissory note. In March, 1998, the district court entered its order, granting summary judgment in favor of the government and finding appellant liable for the outstanding balance of the $119,000 promissory note. On appeal, appellant claims the district court erred when it granted summary judgment because there is a genuine issue of material fact.

Having carefully reviewed the record and the applicable legal principles, we find no error in the district court's disposition of this matter. In particular, appellant's assertion that a genuine issue of material fact exists boils down to mere speculation. Appellant points to gaps in the record and postulates that perhaps approval for the debt forgiveness was achieved through the proper channels. This alleged factual dispute consists only of conjecture and is insufficient to avoid summary judgment. See Colonial Ins. Co. of California v. Spirco Env. Inc., 137 F.3d 560, 563 (8th Cir. 1998). Moreover, the non-supervisory loan specialist only had general authority to service the debt, including the deferral and restructuring of payment dates. See 13 C.F.R. § 101.3-2, Part IV, Section A(3) (1994). The loan specialist had no actual authority to extinguish the debt. The SBA regulations make clear that "[n]o authority has been delegated within SBA to take final action in compromise settlement of any Agency claim except through the established [SBA] Claims Review Committee." 13 C.F.R. § 101.3-2, Part V (1994). Thus, only the SBA Claims Review Committee had the authority to release appellant from his obligation to repay the debt. The record is devoid of any evidence suggesting that a request to write off the note was presented to the Committee or that the Committee

took action to release appellant from his obligation to pay the note. Accordingly, we affirm the judgment of the district court. <u>See</u> 8th Cir. R. 47(B).

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.